IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| STATE OF ALABAMA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No: 1:24-cv-364-ECM-SMD |
| KETAVIOUS JAVON HAMMOND, | ) ) ) |
| Defendant. | ) ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pro se Defendant Ketavious Javon Hammond ("Hammond") has filed a conglomeration of documents which appear to reflect his second attempt to remove to this Court a state court criminal action against him for eluding law enforcement. *See generally* Compl. (Doc. 1); Ex. 1 (Doc. 1-1); Affid. (Doc. 5). Because this Court lacks subject matter jurisdiction over the state court criminal action, the undersigned, pursuant to 28 U.S.C. § 1455(b)(4), recommends that the action be remanded to the District Court of Houston County, Alabama.

**I.    FACTUAL AND PROCEDURAL HISTORY**

On February 28, 2024, Hammond was arrested for attempting to elude a law enforcement officer in violation of ALA. CODE § 13A-010-0052(c)(3). Ex. 1 (Doc. 1-1) p. 1. On March 28, 2024, Hammond removed the state court criminal action to this Court. *Alabama v. Hammond*, 1:24-cv-195-MHT-CWB ("*Hammond I*") (M.D. Ala. Mar. 28, 2024) Compl. (Doc. 1). On May 31, 2024, this Court remanded the prosecution to the state court for lack of subject matter jurisdiction. *Id.* Judgment (Doc. 12).

Approximately two weeks later, Hammond once again removed the same state court criminal case to this Court.[1] *Alabama v. Hammond*, 1:24-cv-364-ECM-SMD ("*Hammond II*") (M.D. Ala. June 17, 2024) Compl. (Doc. 1). Hammond bases the current removal on 28 U.S.C. § 1455 and his contention that the offense occurred "within the special maritime and territorial jurisdiction of the United states (sic)." Comp. (Doc. 1) pp. 1-2.

## II.   ANALYSIS

"The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002) (internal quotations omitted). Twenty-eight U.S.C. § 1455 provides for removal of criminal prosecutions to federal courts. However, removal statutes are to be strictly construed, and the "[r]emoval of state criminal prosecutions is permitted under very limited circumstances," such as those provided in 28 U.S.C. §§ 1442-1443. *Florida v. Anderson*, 2023 WL 2206506, at *1 (M.D. Fla. Feb. 24, 2023) (citing *Syngenta*, 537 U.S. at 32). Generally, those statutes permit removal of a state court criminal prosecution against a federal officer or a member of the armed forces if the prosecution relates to his official duties, *see* 28 U.S.C. §§ 1442, 1442a, and by a defendant who is denied or cannot enforce a right under any law providing for the equal civil rights of United States citizens, *see* 28

---

[1] While Hammond does not indicate in his current removal that the underlying state criminal action is the same as the one he previously attempted to remove, the undersigned notes that the state court case numbers provided in both removal attempts are identical. *Compare Hammond II* Compl. (Doc. 1-1) pp. 1, 2 (noting district court case number as "DC24-597"), *with Hammond I* Compl. (Doc. 1) p. 1 (noting district court case number as "DC-2024-000597.00").

2

U.S.C. § 1443. "If it clearly appears on the face of the notice . . . that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4).

Here, Hammond's notice of removal does not indicate that he is an officer of the United States or a member of the armed forces, nor does it allege that he has been denied an equal civil right under federal law or that he cannot enforce that right in the state court. Instead, Hammond appears to base removal from a United States Code section concerning admiralty jurisdiction. Compl. (Doc. 1) pp. 1-4. "[A]dmiralty jurisdiction is not a legitimate basis for removing a criminal proceeding from a municipal court" for eluding law enforcement. *See Municipality of Dothan v. Hammond*, 2024 WL 2378870, at *1 (M.D. Ala. May 22, 2024) (noting that admiralty jurisdiction is not a legitimate basis for removing a criminal proceeding from a state municipal court for traffic violations). Accordingly, the notice of removal does not present a legitimate basis for removing the state criminal prosecution to federal court, and this case should be remanded to the District Court of Houston County, Alabama. *See Anderson*, 2023 WL 2206506, at **1-2 n.1 (discussing the legitimate statutory grounds for removal of a criminal case and remanding the action because none of those grounds applied to the removed action, which was a "criminal prosecution" that "pertain[ed] to various traffic violations such as failing to have a valid driver's license, exceeding the speed limit, improperly changing lanes, and fleeing a law enforcement officer").

### III.    CONCLUSION

For these reasons, it is the

3

RECOMMENDATION of the undersigned United States Magistrate Judge that this case be REMANDED to the Circuit Court of Houston County, Alabama. The undersigned further

RECOMMENDS that Hammond be enjoined from further attempts to remove this state court criminal prosecution to this Court. It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before December 2, 2024**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 14th day of November, 2024.

Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE