IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| STATE OF ALABAMA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:24-cv-364-ECM |
| | )              [WO] |
| KETAVIOUS JAVON HAMMOND, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION and ORDER**

Defendant Ketavious Javon Hammond ("Hammond"), proceeding *pro se*, has for the second time attempted to remove to this Court a state court criminal action against him for eluding law enforcement, which is pending in the District Court of Houston County, Alabama, Case No. DC-2024-597. On November 14, 2024, the Magistrate Judge entered a Recommendation that this case be remanded to the Circuit Court of Houston County, Alabama; and that Hammond be enjoined from further attempts to remove the state court criminal action to this Court. (Doc. 6). On December 4, 2024, Hammond filed objections to the Magistrate Judge's Recommendation. (Doc. 7).

After carefully reviewing the record in this case, the Recommendation of the Magistrate Judge, and Hammond's objections, the Court concludes that the Plaintiff's objections are due to be overruled, the Recommendation of the Magistrate Judge is due to be adopted with modification, and this case is due to be remanded to the District Court of Houston County, Alabama.

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 674 (1980).  The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).  *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990).  However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988) ("Whenever any party files a timely and specific objection to a finding of fact by a magistrate [judge], the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue.").  Otherwise, a Report and Recommendation is reviewed for clear error.

The Magistrate Judge recommends that this action be remanded because Hammond did not present a legitimate basis for removing the state criminal prosecution against him to federal court.  The Court has carefully reviewed the Magistrate Judge's Recommendation, Hammond's objections, and the entire record in this case.  Hammond's objections amount to general or conclusory objections, which are reviewed for clear error; restatements of the allegations or arguments already presented and addressed in the Recommendation; or "sovereign-citizen-type arguments regarding his alleged right to removal" pursuant to 18 U.S.C. § 7, which are due to be "ignored without discussion," *see*

2

*Municipality of Dothan v. Hammond*, 2024 WL 2378870, at *1 n.3 (M.D. Ala. May 22, 2024).[1] While Hammond's objections reflect a disagreement with the Recommendation's findings and conclusions, Hammond fails to establish that the Magistrate Judge committed any error. Consequently, his objections are due to be overruled.

The Magistrate Judge also recommends that Hammond be "enjoined from further attempts to remove this state court criminal prosecution to this Court." (Doc. 6 at 4). As the Recommendation explains, on March 28, 2024, Hammond first removed the state court criminal action to this Court. (Doc. 1 in *State of Alabama v. Hammond*, 1:24-cv-195-MHT-CWB (M.D. Ala.)) ("*Hammond I*"). In *Hammond I*, Hammond contended that the Court had subject matter jurisdiction because the offense occurred within the special maritime and territorial jurisdiction of the United States. (Docs. 7, 11 in *Hammond I*). On May 31, 2024, this Court rejected Hammond's argument and remanded the case to state court for lack of subject matter jurisdiction. (Doc. 12 in *Hammond I*). Approximately two weeks later, Hammond removed the same state court criminal case to this Court, invoking 28 U.S.C. § 1455 and asserting that the offense occurred within the special maritime and territorial jurisdiction of the United States (doc. 1), which is substantially the same argument the Court previously rejected.

"Federal district courts have the power under the All Writs Act, 28 U.S.C. § 1651, to enjoin vexatious litigants from filing actions in both judicial and non-judicial forums,

---

[1] Here, and elsewhere in this Opinion, the Court cites nonbinding authority. While the Court acknowledges these cases are nonprecedential, the Court finds them persuasive.

3

provided the injunction does not completely foreclose a litigant from any access to the courts." *Lustig v. Stone*, 2020 WL 3469719, at *10 (S.D. Fla. June 25, 2020); *see Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1295 n.15, 1298 (11th Cir. 2002); *Martin-Trigona v. Shaw*, 986 F.2d 1384, 1387 (11th Cir. 1993). With respect to Hammond's attempts to remove the state court prosecution pending in Houston County District Court, the Court finds that Hammond is a vexatious litigant and that an injunction is warranted. Hammond has twice removed the state court prosecution to this Court on substantially the same grounds, which have no objectively legitimate legal basis. The Court in its discretion also finds its appropriate to impose a pre-filing screening restriction to give the injunction full force and effect. The Eleventh Circuit "has upheld pre-filing screening restrictions on litigious [parties]." *Martin-Trigona*, 986 F.2d at 1387.

Accordingly, upon an independent review of the record, and for good cause, it is

ORDERED as follows:

1. Hammond's objections (doc. 7) are OVERRULED;

2. The Recommendation of the Magistrate Judge (doc. 6) is ADOPTED as modified herein;

3. Hammond is DECLARED a vexatious litigant, and he is ENJOINED from further attempts to remove the state court criminal prosecution, currently pending in the District Court of Houston County, Alabama (Case No. DC-2024-597), to this Court, without first obtaining the prior written approval of a Magistrate Judge of this Court;

4. To seek prior written approval, Hammond shall submit a motion for leave captioned "Motion for Leave to File Pursuant to Court Order," and Hammond must attach to each and any such motion: (1) a copy of the proposed notice of removal or other document; (2) a copy of this Order; and (3) a certification—under oath—that there is a good faith basis for filing the notice of removal or other document;

5. If the Magistrate Judge's review results in a finding that Hammond's filing is not frivolous, then the Magistrate Judge shall direct the Clerk of Court to docket Hammond's case and assign it according to the Court's normal assignment procedures. Likewise, if the Magistrate Judge's review results in a finding that Hammond's filing is frivolous, it will not be docketed with the Court but instead will be returned to Hammond;

6. Should Hammond violate this Order and remove the state court prosecution without first seeking leave, the action will be summarily remanded for failing to comply with this Order;

7. Hammond is further CAUTIONED that the continued submission of further frivolous filings may result in the imposition of additional sanctions, including monetary sanctions;

8. The Clerk of the Court is DIRECTED to send a copy of this Order to all District Judges and Magistrate Judges of this Court;

9. This case is REMANDED to the District Court of Houston County, Alabama;

10. The Clerk of the Court is DIRECTED to take all steps necessary to effectuate

the remand to the District Court of Houston County, Alabama.

DONE this 6th day of December, 2024.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE